MOORE *et al. v.* DENNY, superintendent, *et al.*

FISH, C. J. This is a petition by certain residents and taxpayers of local school district 24, also called Centralhatchee district, in Heard County, against the board of trustees of the district, the county superintendent of schools, the county board of education, and the tax-collector of the county, to enjoin them from collecting a tax levied on the property in the district in pursuance of an election held therein, resulting in favor of "local taxation for public schools." Applying the rulings hereinafter made to the agreed statement of facts submitted to the judge on a preliminary hearing, the refusal of an interlocutory injunction was not error.

1. The county board of education laid off and divided the entire territory of the county into local school districts under the act known as the "McMichael law," and in doing so used a correct map of the county on which "the lines around each district were clearly and distinctly marked according to original land-lot lines and creeks and streams," which map so marked was filed with the ordinary by the county board of education. *Held,* that this was a sufficient compliance with the statute requiring the laying off of school districts, notwithstanding the lines around such districts did not follow the original land-district lines, nor the lines of the militia districts, and the fact that "some of the school districts thus laid off comprised lots of land in more than one original land district." Nor was the action of the board in respect of this matter rendered invalid

because its minutes showing the adoption of the map do "not specifically designate by name the original land-lot lines, nor name the lots of land comprising the several local districts;" however, "the lines around the several districts and the lots comprising the same are clearly and distinctly shown by the map."

2. The county board of education had the right, when "local conditions" in their judgment made it necessary for the best interest of the citizens and taxpayers to be affected thereby, a majority of whom desired it, to establish the school district number 24, or the Centralhatchee district, although it was of an area less than sixteen square miles (Civil Code (1910), § 1531), and, when the best interests of the schools demanded it, to divide the original school district number 9, separating therefrom the Centralhatchee or number 24 district; and the mere fact that an election previously held in the ninth district for local taxation had resulted against taxation, and that a majority of the taxpayers and voters of the territory cut off and made the 24th or Centralhatchee district favored local taxation for the establishment and maintenance of public schools, did not invalidate the establishment of the last-mentioned district, though this fact may have influenced the action of the board in the matter.

3. The county board of education, after canvassing the returns of the election for trustees of the 24th or Centralhatchee school district and declaring certain named persons to have been elected as such trustees, ordered the county superintendent to issue commissions to them, instead of the board itself issuing the commissions. *Held*, that this ministerial act did not render the creation of the local board of trustees illegal.                    *Judgment affirmed. All the Justices concur.*

No. 1873.  DECEMBER 16, 1920.

Petition for injunction. Before Judge Terrell. Heard superior court. December 29, 1919.

*S. Holderness,* for plaintiffs. *Hall & Jones,* for defendants.